# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

GABLE D. HALL,

        Petitioner,

v.                                                   Case No. 09-CV-347

WARDEN BOATWRIGHT, Warden,
New Lisbon Correctional Institution

        Respondent.

_____

# ORDER

On April 22, 2009, United States Magistrate Judge William Callahan issued a recommendation that this court dismiss Petitioner Gable Hall's ("Hall") petition for a writ of habeas corpus. (*See* Docket #4). To date, Hall has not filed an objection to Magistrate Callahan's recommendation. The court has determined that the recommendation is neither clearly erroneous nor contrary to law. Therefore, the court will adopt the recommendation in its entirety and dismiss Hall's petition.

A district court may address proposed findings and recommendations by a magistrate judge in three ways: accept, reject, or modify the recommendations. 28 U.S.C. § 636(b)(1)(C). The court must make a *de novo* determination of those portions of the recommendations to which an objection is made. *Id*. However, *de novo* review is not required for those portions of a magistrate judge's recommendation to which no party makes particularized objections accompanied by legal authority and argument. *See Banta Corp. v. Hunter Pub. Ltd. Partnership*, 915

F.Supp. 80, 81 (E.D. Wis. 1995). If no objection to the recommendation is made, the district judge reviews the recommendation for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd*, 126 F.3d 926, 943 (7th Cir. 1997).

The court agrees with Magistrate Callahan's recommendation and finds no clear error in his conclusions. Magistrate Callahan conducted a Rule 4 screening of Hall's petition and determined that it must be dismissed as a "second or successive" petition. The magistrate judge notes that Hall previously filed a habeas petition in this district, which was dismissed due to untimely filing. (*See Hall v. Berge*, Case No. 02-CV-230, Docket #13). As Magistrate Callahan correctly notes, a district court lacks subject matter jurisdiction to hear a second or successive habeas petition unless the Seventh Circuit Court of Appeals authorizes the court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Hall's instant filing constitutes a "successive" filing and he has not obtained the requisite permission. Therefore, the court will adopt Magistrate Callahan's recommendation to dismiss Hall's petition.

Accordingly,

**IT IS ORDERED** that the April 22, 2009 recommendation signed by Magistrate Callahan (Docket #4) be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Hall's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket #1) be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of May, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge