# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

GABLE D. HALL,

        Petitioner,

v.                                                                        Case No. 09-CV-347

ANA BOATWRIGHT,

        Respondent.

_____

## ORDER

On May 22, 2009, this court issued an order adopting the recommendation of United States Magistrate Judge William Callahan and dismissing the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Gable Hall ("Hall"). Magistrate Callahan recommended that the petition be dismissed as successive, given that Hall challenged the same case in habeas petitions filed on November 9, 2000, and March 4, 2002. *See Hall v. Bertrand*, Case No. 00-CV-1426 (dismissed without prejudice for failure to exhaust state remedies); *Hall v. Berge*, Case No. 02-CV-230 (dismissed due to untimely filing). This court agreed with Magistrate Judge Callahan's conclusion and dismissed Hall's petition.

Following entry of the court's order, Hall filed two motions for reconsideration, asserting that his petition was not successive because it challenged a different count of his conviction than he challenged in his previous § 2254 petition. Hall then filed an appeal on September 30, 2009, prior to issuance of a decision on his pending

motions for reconsideration. In connection with his appeal, Hall filed a motion to proceed in forma pauperis ("IFP") with the Seventh Circuit Court of Appeals, which the Seventh Circuit then transferred to this court. Thus, the court will now address the motions for reconsideration, Hall's implied request for a certificate of appealability, and his motion to proceed IFP.

**1.      Motions for Reconsideration**

The court will deny Hall's motions for reconsideration because it has no subject matter jurisdiction over his successive habeas petition. A district court cannot hear a second or successive habeas petition unless the Seventh Circuit Court of Appeals authorizes the court to consider the application. 28 U.S.C. § 2244(b)(3)(A). When a petitioner attempts to present claims that he could have raised in a prior petition, the court must dismiss them as successive, unless the claim fits one of two exceptions. 28 U.S.C. § 2244(b)(2). First, the court may hear a successive claim if it relies upon a new rule of constitutional law made retroactive to review, which was previously unavailable. 28 U.S.C. § 2244(b)(2)(A). Second, the court may hear a successive claim if the factual predicate could not have been discovered previously and, if proven and considered in light of the evidence as a whole, would establish that no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. § 2244(b)(2)(B).

The court cannot hear Hall's petition because it is successive[1] and does not fit either of the statutory exceptions for such a claim. First, Hall does not rely upon a new rule of constitutional law that was previously unavailable to him. Second, Hall does not rely upon a previously undiscoverable factual predicate. Instead, he relies upon facts and arguments available at the time he filed his initial habeas petition. Further, Hall cannot establish that no reasonable factfinder would find him guilty if the facts he asserts are proven and viewed against the evidence as a whole.

Hall fails to assert a previously undiscoverable factual predicate because he relies upon victim testimony given at his trial, prosecutorial misconduct occurring prior to and during trial, and his trial counsel's failure to call certain witnesses. In particular, Hall relies upon the victim's "confession" during trial that Hall did not have anal sex with her. Hall points to the victim's statement that Hall should not be punished for "something he hardly done" and argues that the statement shows he is innocent of the offense. However, the court questions Hall's conclusion that the statement "something he *hardly* done" should be interpreted to mean "something he never did." In addition, the factual predicate Hall relies upon is not newly-discovered. He has been aware of this allegedly exculpatory information since his trial, thus it cannot meet the exception.

---

[1]The court notes that Hall's current petition is successive, despite the fact that Hall's 2002 petition was dismissed as untimely and was not dismissed on the merits. Where a preceding habeas petition was dismissed for technical deficiencies, a petitioner does not need to seek permission from the Seventh Circuit Court of Appeals prior to filing a successive petition. *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (citations omitted). However, a prior untimely habeas petition does not fall into this category of dismissals based on technical deficiency. Instead, a prior untimely petition renders subsequent petitions successive because "the petitioner is incapable of curing the defect underlying the district court's judgment." *Id.*

Hall fails to meet the factual predicate exception to successive habeas petitions for an additional reason. Hall cannot establish that no reasonable factfinder would have found him guilty if made aware of the information he now asserts. Indeed, Hall cannot establish this requirement because the exact opposite is borne out by the events in his case. The factfinder *did* hear the victim's statements at Hall's trial. Yet, the factfinder found him guilty of the offense.

Hall further argues that his habeas petition is not successive because he was not previously in custody on the count he now challenges. Hall notes that the state court judge imposed a stayed sentence on Count 4 of his indictment, the count underlying his current arguments. Hall's petition states that he was convicted on February 22, 1996, of four different offenses, including: Count 3 - First Degree Sexual Assault of a Child (vaginal); Count 4 - First Degree Sexual Assault of a Child (anal); Count 5 - Abduction of Another's Child; and Count 6 - Exposing a Child to Harmful Materials. (*See* Pet. 2; Amended Information 1-2). Hall asserts that while he was sentenced to immediate imprisonment on Counts 3, 5 and 6, the judge imposed a stayed ten-year sentence on Count 4. Therefore, Hall believes he was only "in custody" on Counts 3, 5 and 6 when he filed his initial habeas petition in 2002. Hall was released from prison in October 2005, after serving his sentence on Counts 3, 5 and 6. However, it appears from Hall's filings that he was subsequently revoked and began serving his stayed ten-year sentence on Count 4 in 2006. Hall concludes that his current petition is not successive because it challenges a count

-4-

of his conviction on which he was not previously serving time and raises arguments not previously asserted.

However, Hall misunderstands the implications of his imposed and stayed sentence. He was "in custody" on his Count 4 conviction at the time he filed his initial habeas petition and should have raised his arguments at that time. The conviction and imposition of sentence on Count 4 occurred in 1996, at the same time he was convicted of the other counts. The fact that Hall did not begin serving the stayed sentence until later did not impact his ability to file for habeas relief. A person who is subject to an execution of sentence is "in custody" for habeas purposes, even if released on his own recognizance, because he is still subject to an obligation to appear at all times and places as ordered by the court and his "freedom of movement rests in the hands of state judicial officers." *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). The U.S. Supreme Court construes the phrase "in custody" very broadly and does not restrict the use of habeas corpus to situations in which the petitioner is in actual, physical custody. *Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963); *Virsnieks v. Smith*, 521 F.3d 707, 717 (7th Cir. 2008). Hall was subject to the state court's conditions and restrictions on his movement arising from his stayed sentence, even before he was revoked. Thus, he was "in custody" for habeas purposes and could have asserted his Count 4 grounds for relief in his initial habeas petition. Consequently, his current habeas petition is a successive petition. The court has no jurisdiction to hear Hall's successive claims because the Seventh Circuit did not provide authorization for it to do so. *See* 28 U.S.C. § 2244(b)(3)(A).

Therefore, this court appropriately dismissed Hall's petition and will deny his motions for reconsideration.

**2.      Certificate of Appealability**

In addition to his motions for reconsideration filed with this court, Hall also filed an appeal with the Seventh Circuit. However, Hall has not filed a request for a certificate of appealability ("COA"). Therefore, the court will treat his Notice of Appeal as implying a request for a COA. Before a habeas petitioner may take an appeal to the Seventh Circuit, the district court must consider whether to grant the petitioner a COA pursuant to 28 U.S.C. § 2253(c). Fed. R. App. 22(b). The court will only issue a COA if the petitioner makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

This court must make a COA determination, even in the absence of a specific request, because the Federal Rule of Appellate Procedure 22(b)(1) provides that if a petitioner files a notice of appeal, the district judge must either issue a certificate or state why a certificate should not issue. Hall relies upon his notice of appeal as support for a COA because he did not file a separate request. However, "a petitioner who relies on his notice of appeal is hard put to meet the statutory standard, for a [COA] may issue only when 'the applicant has made a substantial showing of the denial of a constitutional right.'" *West v. Schneiter*, 485 F.3d 393, 395 (7th Cir. 2007) (quoting 28 U.S.C. § 2253(c)(2)).

Hall's Notice of Appeal merely reiterates the arguments made in his motions for reconsideration regarding the victim's statements and his stayed sentence.

However, the court addressed and disposed of these arguments in the preceding section. Hall also argues that he failed to object to Magistrate Callahan's recommendation for dismissal because he never received a copy of the magistrate's order. Even assuming that this assertion is true, it does not change the court's conclusion that Hall's petition must be dismissed as successive. The court adopted the magistrate recommendation because it agreed with the reasoning and conclusion, not simply because Hall failed to file an objection. Thus, the court will not issue a COA.

### 3. Motion to Proceed In Forma Pauperis

Hall also requests leave to appeal IFP. Under 28 U.S.C. § 1915(a)(1), a district court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor." The statute requires that a prisoner movant submit an affidavit stating his assets and attesting that he is unable to pay the required fees, as well as a certified copy of his trust fund account statement for the previous six months. 28 U.S.C. § 1915(a)(1) and (2). Hall filed the required affidavit, however, he did not file a trust account statement.

Regardless of whether Hall is indigent, the court must also find that his appeal is taken in good faith. 28 U.S.C. § 1915(a)(3). To determine that an appeal is taken in good faith, the court "need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)). However, the court finds

that Hall's appeal is not taken in good faith. Hall's habeas petition is successive and he has not obtained the necessary order from the court of appeals authorizing him to file it. Thus, this court has no authority to entertain his petition and a reasonable person would not consider his appeal to have any merit. The court advises Hall that if he wishes to appeal this decision, he must follow the procedure set out in Federal Rule of Appellate Procedure 24(a)(5).

Accordingly,

**IT IS ORDERED** that the petitioner's motions for reconsideration (Docket ##'s 7, 8) be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that the petitioner's implied request for a certificate of appealability (Docket #11) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the petitioner's motion for leave to appeal in forma pauperis (Docket #18) be and the same is hereby **DENIED** because the appeal is not taken in good faith.

Dated at Milwaukee, Wisconsin, this 15th day of October, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge